# McRae *v*. The State.

*Indictment for Assault with Intent to Murder.*

1. *Indictment for assault with intent to murder; evidence as to previous difficulty ; res gestae.*—On a trial under an indictment for an assault with an intent to murder, where it is shown that the assault charged was committed in a quarrel between the defendant and the person assaulted, about a fight which had occurred between their wives on the morning of the same day, previous to the difficulty in the afternoon when the assault charged was made, it is not competent for the defendant to show that at the time of the fight between the two wives, the person assaulted struck the wife of the defendant; the occurrences at the fight between the women being no part of the *res gestae* of the difficulty between the defendant and the person assaulted, and the conduct of the latter at the time of the fight between the wives not being admissible, either in justification or mitigation of the assault made by the defendant.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Reese v. State*, 90 Ala. 627.

SHARPE, J.—The defendant being indicted for an assault with intent to murder one Benbow, was convicted of an assault and battery. The only question reserved by the bill of exceptions is upon the refusal of the court to permit the defendant to testify, upon his offer to do so, that Benbow "had on the morning of the same day previous to the difficuty in the afternoon, which was the basis of this prosecution, assaulted the wife of the defendant."

The State had introduced testimony as to a quarrel between defendant and Benbow at the time of their diffi-

culty about a fight which had occurred between their
wives, in which defendant accused Benbow of having
struck the wife of defendant which Benbow then denied
and denounced, whereupon the defendant cut him with
a knife. The only evidence, however, as to what in fact
occurred at the fight between the women was drawn out
by the defendant on' cross-examination of Benbow, who
in answer to defendant's question denied having struck
defendant's wife, but said he had only pushed the women
apart.

The occurrences at the fight between the women were
no part of the *res gestae* of the difficulty between defen-.
dant and Benbow, and the conduct of Benbow thereat
was not admissible either in justification or mitigation of
the assault upon him by the defendant.—*Reese v. State*,
·90 Ala. 624.

Finding no error in the record, the judgment of the
city court will be affirmed.